UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

COREY JONES,

Defendant.
------------------------------------------------------------------X

**ORDER**

**13-CR-438 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Corey Jones's application to have the court order submissions from the parties and schedule a hearing to decide whether to resentence Defendant. (Def. Letter (Dkt. 61).) The application is DENIED.

In June 2013, Defendant was living in a halfway house, where he was completing a 92-month federal sentence for unlawful gun possession. See United States v. Jones, 878 F.3d 10, 13 (2d Cir. 2017) ("Jones II"). He threatened a staff member and was remanded to the custody of the Bureau of Prisons. Id. When deputy U.S. Marshals arrived to take him into custody, Defendant became aggressive and, while physically resisting arrest, bit one of the Marshals. Id. He was subsequently charged with, and convicted by a jury of, assaulting a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b). Id.

This court sentenced Defendant on April 24, 2015. (Apr. 24, 2015, Min. Entry (Dkt. 52).) The U.S. Sentencing Guidelines provided then, as now, that a defendant was subject to a significant sentencing enhancement as a "career offender" if "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction [was] a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant ha[d] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2014). At the time, the Guidelines defined

1

"crime of violence" to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." U.S.S.G. § 4B1.2(a) (2014) (emphasis added). For ease of reference, the court refers to the first clause as the "Guidelines force clause" and the emphasized portion of the second clause as the "Guidelines residual clause."

Defendant argued that he did not qualify for a career-offender enhancement under the Guidelines because, first, his offense of conviction did not require the use of "violent" physical force, see <u>Johnson v. United States</u>, 559 U.S. 133, 139-43 (2010) ("<u>Curtis Johnson</u>") (interpreting analogous language in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i)); and second, under New York law, his prior conviction for first-degree robbery qualified as a "youthful offender adjudication," not a felony conviction. (Def. Sentencing Mem. (Dkt. 46); Def. Sentencing Reply (Dkt. 48).) Defendant did not argue, however, that New York first-degree robbery was categorically not a "crime of violence" under the Guidelines. The court rejected Defendant's contentions, found that he qualified as a career offender under the Guidelines, and thus calculated his applicable Guidelines sentencing range as 210 to 240 months' imprisonment. (Mem. & Order (Dkt. 50).) The court ultimately imposed a below-Guidelines sentence of 180 months' imprisonment and three years of supervised release. (J. (Dkt. 53).)

Shortly thereafter, the Supreme Court invalidated the ACCA's residual clause—which, for purposes of that statute, defined "violent felony" to mean a felony that "otherwise involves conduct that presents a serious risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—

2

as unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015) ("Samuel Johnson").

On appeal, Defendant challenged his sentence on two grounds. First, Defendant argued that he should not have received a career-offender enhancement because his prior New York first-degree robbery conviction was not a "crime of violence" under the Guidelines. Br. for Appellant, Jones II, 878 F.3d 10 (2d Cir. 2017) (No. 15-1518), 2015 WL 6575789. In his view, New York first-degree robbery does not categorically require "violent" force, so it could not be a crime of violence under the Guidelines force clause. Id. at *17-24. Nor could it constitute a crime of violence under the Guidelines residual clause, which, he argued—and the Government conceded—was void in light of the Supreme Court's invalidation of the ACCA's residual clause in Samuel Johnson. Id. at *24. Second, Defendant also argued that his sentence was substantively unreasonable. Id. at *29-45. Meanwhile, the U.S. Sentencing Commission deleted the residual clause from Guideline § 4B1.2, effective August 1, 2016. U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines 4-5 (Jan. 21, 2016), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-textamendments/20160121_Amendments_0.pdf.

After oral argument in Defendant's appeal, on July 21, 2016, the Second Circuit issued an opinion holding that New York first-degree robbery was not a categorical crime of violence under the Guidelines force clause, and it remanded the case for further proceedings. United States v. Jones, 830 F.3d 142 (2d Cir. 2016) ("Jones I"), vacated, 878 F.3d 10 (2d Cir. 2017). The Second Circuit explained that, without the residual clause, there was no basis for the career-offender designation. Id. On September 13, 2016, the Government filed a petition for rehearing, and on October 3, 2016, the Second Circuit vacated its prior opinion and held the appeal in

3

abeyance "pending the Supreme Court's disposition in Beckles v. United States, No. 15-8544." Order, Jones II, 878 F.3d 10 (No. 15-1518), ECF No. 110. On March 6, 2017, the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017), holding that the residual clause of the Career Offender Guideline was not unconstitutionally void for vagueness. Thereafter, the Second Circuit affirmed Defendant's sentence, holding that (1) because the residual clause of the Career Offender Guideline was not void for vagueness, New York first-degree robbery qualified as a crime of violence under the residual clause, see Jones II, 878 F.3d 10, 14 (2d Cir. 2017); and (2) Defendant's sentence was substantively reasonable, see id. at 19-20.

Despite affirming Defendant's sentence, however, the Second Circuit remanded the matter to this court for "further consideration as may be just under the circumstances." (Mandate (Dkt. 56).) See also Jones II, 878 F.3d at 24 (Calabresi, J., concurring) ("I believe our affirmance is correct, and that we can do no other. I hope, however, that somewhere, somehow, there exists a means of determining what would, in fact, be an appropriate sentence for Jones."). Out of respect for the concerns articulated in the concurrence, the court has now revisited the matter.

On March 27, 2018, the court ordered the parties to submit proposals regarding how the court should proceed, taking into account the Second Circuit's affirmance of Defendant's sentence and its remand for further consideration. (March 27, 2018, Order (Dkt. 59).) On April 26, 2018, the Government and Defendant submitted their respective proposals. (Gov't Letter (Dkt. 60); Def. Letter.)

In his concurrence, Judge Calabresi stated that he wished to ask the district court: "[W]hat is the sentence that you deem appropriate in this case?" Jones II, 878 F.3d at 24 (Calabresi, J., concurring). Respectfully, and upon further reflection—taking into account all of

4

the evidence adduced at the trial, the contents of the Presentence Report, Defendant's criminal history, Defendant's lack of remorse (as evidenced by his documented conduct at the time of sentencing, Tr. of Sentencing Hr'g at 42:9-20, Jones II, 878 F.3d 10 (No. 15-1518), ECF No. 25), and the submissions of counsel—this court concludes that the sentence that was imposed on Defendant was the appropriate sentence.

Thus, the court will not resentence Defendant. Accordingly, the court need not order additional submissions from the parties or conduct further proceedings in this matter.

SO ORDERED.

Dated: Brooklyn, New York
May 25, 2018

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge